UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

JAMES VORLEY and
CEDRIC CHANU,

      Defendants.

No. 18 CR 35

Judge John J. Tharp, Jr.

**GOVERNMENT'S REPLY TO DEFENDANTS' RESPONSE TO MOTION FOR RULING ON DISCOVERABILITY OF SETTLEMENT COMMUNICATIONS**

The United States submits this reply brief in support of its motion for a ruling on the discoverability of settlement communications. In its motion, the government argued that a draft plea agreement and statement of facts that was not signed by the witness is not the witness's statement and thus cannot be used as a prior inconsistent statement. In response, the defendants' opposition brief makes the following internally-inconsistent assertion: "defendants are not seeking information relating to Liew's plea to impeach him, as the government suggests, but rather to reveal his motivations to lie and track the evolution of his story to undermine his credibility and highlight potential bias on cross-examination." Doc. No. 294 at 3. Posing questions to a witness on cross-examination that suggest the witness's testimony "evolved" *is* impeachment. For many of the same reasons articulated by the United States in its motion *in limine* to exclude evidence of Davis Polk & Wardwell's attorney proffers, *see* Doc. No. 271 at 24, the defendants cannot pursue this line of cross-examination without infringing on Liew's attorney-client privilege. Federal Rule of Evidence

613(b) requires that Liew be afforded an opportunity to respond to extrinsic evidence of a prior inconsistent statement, and he would not be able to do so without revealing confidential communications.

In any event, having disclaimed any intent to use the draft plea agreements for impeachment purposes, the defendants are left with their claim that the redlines are discoverable as material exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963). In the Seventh Circuit, however, only admissible evidence qualifies as *Brady* material. *See Snow v. Pfister*, 240 F. Supp. 3d 854, 890-91 (N.D. Ill. 2016) (citing *United States v. Morales*, 746 F.3d 310, 315 (7th Cir. 2014)). And the defendants have not identified how an unsigned draft plea agreement could be received into evidence. Even if they could, any attempt by the defendants to offer such a document would unfairly prejudice the United States. *See* Fed. R. Evid. 403. As the defendants' response indicates, were they to try to offer draft plea agreements into evidence, they surely would suggest that proposing edits to a plea agreement or statement of facts is inherently nefarious. This suggestion is unfairly prejudicial because, in fact, there is nothing wrong with a prosecutor (or a defense attorney) suggesting edits that he or she believes to be consistent with the evidence. Indeed, it could be problematic for a prosecutor to pursue a plea from a defendant whom the prosecutor believes is not accepting full responsibility. But where the draft documents were exchanged between lawyers, the United States would not be able to respond to the defendants' suggestions of impropriety without presenting a prosecutor's

2

testimony. Moreover, any effort to make use of draft plea agreements would require the Court to provide the jury with a tutorial on Federal Rule of Criminal Procedure 11, which inevitably would cause confusion and result in unnecessary trial delays.

Moreover, the defendants' assertion that "the discovery produced to date shows that Liew's testimony evolved substantially in the lead up to his guilty plea" confirms that any additional evidence on this point – to the extent that there is any at all – that could be found in the plea negotiation documents is merely cumulative. Doc. 294 at 1.[1] In *United States v. Dweck*, the Seventh Circuit held that the government does not violate a duty to disclose *Brady* material about a witness where the material was merely cumulative of other known evidence. *See* 913 F.2d 365, 370-72 (7th Cir. 1990). The defendants already have Liew's signed guilty plea and can impeach him with that document. The law allows the Court to balance the cumulative and repetitive nature of the documents at issue against the prospect that disclosure would chill frank plea negotiations in future cases. *See United States v. Valencia*, 826 F.2d 169, 173 (2d Cir.1987). In view of the discovery that the government has already provided, the minimal probative value of an unsigned, draft plea agreement is far outweighed by unfair prejudice and public policy harms associated with disclosure.

---

[1] The government does not concede that Liew's account has changed materially over time.

Respectfully submitted,

ROBERT A. ZINK
Chief
Criminal Division, Fraud Section
U.S. Department of Justice

By:      */s/ Brian Young*
Brian Young, Deputy Chief
Avi Perry, Assistant Chief
Leslie S. Garthwaite, Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
Telephone: (202) 616-3114
Email: brian.young4@usdoj.gov

Dated: September 3, 2020

4